IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:21-cr-00362-LMM-LTW-1 |
| KEVIN LAVAL WILLIAMS, | : |
| Defendant. | : |

# **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation, Dkt. No. [23], in which the Magistrate Judge recommends denying Defendant's motion to dismiss the indictment, Dkt. No. [17]. Defendant filed objections to the Report and Recommendation. Dkt. No. [28]. After due consideration, the Court enters the following Order.

## I.   **LEGAL STANDARD**

The Court reviews a Magistrate Judge's Report and Recommendation for clear error if no objections are filed. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. If a party files objections, however, the Court must consider de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id. On de novo review, the district judge "decide[s] the case based on an independent review of the evidence and arguments without giving any presumptive weight to

the magistrate judge's conclusion." Charles Alan Wright, et al., 12 Federal Practice & Procedure § 3070.2 n.2 (2d ed. 2014); accord Robertson v. All Am. Quality Foods, Inc., 246 F. Supp. 3d 1365, 1371 (N.D. Ga. 2017) ("[T]he district judge must 'give fresh consideration to those issues to which specific objection has been made by a party.' " (quoting Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga., 896 F.2d 507, 512 (11th Cir. 1990))).

## II. BACKGROUND

On September 15, 2021, Defendant Kevin Laval Williams was indicted for violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkt. No. [1]. Specifically, the indictment alleged that on May 20, 2021, Defendant knowingly possessed a Springfield Armory XD40 .40 caliber handgun, despite knowing that he had been previously convicted of at least one of the following felonies:

- Possession of Marijuana with Intent to Distribute, in the Superior Court of Fulton County, Georgia, on or about March 8, 2000;

- Possession of MDMA with Intent to Distribute, in the Superior Court of Fulton County, Georgia, on or about December 30, 2005;

- Possession of Cocaine with Intent to Distribute, in the Superior Court of Fulton County, Georgia, on or about March 6, 2006;

- Possession of Cocaine with Intent to Distribute, in the Superior Court of Clayton County, Georgia, on or about August 13, 2010; and

- Possession of Cocaine with Intent to Distribute, in the Superior Court of Fulton County, Georgia, on or about March 6, 2012.

Id. Defendant was arrested on May 15, 2022. See Dkt. Entry, May 15, 2022. On June 23, 2022, the United States Supreme Court decided New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022). Defendant filed his motion to dismiss on August 22, 2022. Dkt. No. [17]. Following briefing, the Magistrate Judge entered a Report and Recommendation on November 14, 2022. Dkt. No. [23].

### III.   DISCUSSION

The Second Amendment to the United States Constitution establishes the right to bear arms: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Defendant argues that under Bruen, 18 U.S.C. § 922(g)(1) violates the Second Amendment, and the indictment therefore must be dismissed. Dkt. Nos. [17, 21]. The Magistrate Judge agreed with Defendant that the Second Amendment's protections presumptively extend to the possession of firearms by convicted felons and that it was necessary under Bruen for the government to affirmatively prove that § 922(g)(1) is part of the historical tradition establishing that an individual convicted of a felony may not possess firearms. Dkt. No. [23] at 5-7. She concluded, however, that the indictment should not be dismissed because the government had proven that § 922(g)(1) is consistent with the nation's historical tradition of firearms regulation. Id. at 7-13. Defendant objects to the recommendation. Dkt. No. [28].

Having conducted the necessary review of the Report and Recommendation, the Court finds plain error in the Magistrate Judge's reasoning but concludes that she nevertheless reached the right result. In United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), a panel of the Eleventh Circuit Court of Appeals rejected a constitutional challenge to § 922(g)(1), concluding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Rozier, 598 F.3d at 771 (holding that a felon's "Second Amendment right to bear arms is not weighed in the same manner as that of a law-abiding citizen" and that "[w]hile felons do not forfeit their constitutional rights upon being convicted, their status as felons substantially affects the level of protection those rights are accorded"); see also Flick v. Attorney Gen., Dep't of Justice, 812 F. App'x 974, 975 (11th Cir. July 20, 2020) (rejecting, as foreclosed by Rozier, as-applied Second Amendment challenge to § 922(g)(1)); United States v. Dowis, 644 F. App'x 882, 883 (11th Cir. Feb. 18, 2016) (rejecting, as precluded by Rozier, Second Amendment challenge to § 922(g)(1) based on the statute's failure to distinguish between violent and non-violent predicate felonies); United States v. Reverio, 551 F. App'x 552, 553 (11th Cir. Jan. 9, 2014) (finding a Second Amendment challenge to § 922(g)(1) foreclosed by Rozier).

Under the prior-precedent rule, the Court must follow a binding Eleventh Circuit decision unless the Eleventh Circuit overrules it en banc or it is overruled by the Supreme Court. United States v. Vega-Castillo, 540 F.3d 1235, 1236

(11th Cir. 2008). For an intervening decision of the Supreme Court to overrule a decision of an Eleventh Circuit panel, "the Supreme Court decision must be clearly on point." Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir. 2003). At issue in Bruen were the Second Amendment rights of "law-abiding citizens." Bruen, 142 S. Ct. at 2125, 2134, 2156. It is axiomatic that a felon is not a law-abiding citizen. Thus, the Bruen decision is not "clearly on point."

Accordingly, the Court concludes that Rozier remains controlling precedent in this circuit. As a district court bound to follow this circuit's controlling precedent, it is not for the Court to decide whether Bruen may ultimately be held to abrogate Rozier: "[t]hat question can only be answered by the Supreme Court or [the Eleventh Circuit] sitting en banc." Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003). Thus, the Court must follow Rozier, and, as a consequence, Defendant's motion to dismiss the indictment, Dkt. No. [17], is due to be denied.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, Dkt. No. [23], **AS MODIFIED**. Defendant Kevin Laval Williams's motion to dismiss the indictment, Dkt. No. [17], is **DENIED**.

The Court hereby sets Defendant's trial to begin on **Wednesday, March 15, 2023, at 9:30 AM** in Courtroom 2107, United States Courthouse,

75 Ted Turner Drive, S.W., Atlanta, Georgia. The pretrial conference is set for Wednesday, March 1, 2023, at 2:00 PM in Courtroom 2107. By noon on Wednesday, February 15, 2023, the parties are to file their respective motions in limine and voir dire questions. By noon on Wednesday, February 15, 2023, the Government is to file a brief statement of facts the parties can rely on for voir dire. By noon on Wednesday, February 22, 2023, the parties are to file any objections to those items listed above. Requests to charge and verdict forms should be filed on CM/ECF and e-mailed to the Courtroom Deputy Clerk in Word format by noon on Tuesday, March 14, 2023. The time from December 22, 2022, to March 15, 2023, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The Court requires the parties to e-mail an exhibit and witness list to the Courtroom Deputy Clerk by Tuesday, March 14, 2023. The list shall contain an identifying description of each exhibit to the right of the exhibit numbers. The list shall be double spaced with approximately 1.5 inches of space to the left of the number for court use. Additionally, the parties are required to deliver to chambers the morning of trial a tabbed exhibit notebook for the Court's use. Counsel shall comply with the Local Rules of this Court regarding exhibits. Any exhibit larger than 8 ½" x 11" will be returned to counsel pursuant to Rule 79.1(B)(5) of the Local Rules of this Court. Within ten (10) days following the conclusion of a trial or hearing, all parties must file photographs or other appropriate reproductions of oversized and non-documentary exhibits admitted

as evidence at the trial or hearing. The parties must provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Courtroom 2107 is technology equipped. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed prior to the pretrial conference, to allow time for proper notification to the US Marshals Service.

It is the responsibility of counsel to immediately notify the Courtroom Deputy if the defendant requires interpretive services for any court proceeding so that services can be arranged. It is the responsibility of counsel to arrange interpretive services for any witnesses needing assistance of an interpreter for any court proceeding.

**IT IS SO ORDERED** this 22nd day of December, 2022.

_____
**Leigh Martin May**
**United States District Judge**